United States District Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SCWYANA SMITH | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-3951 |
| | § | |
| PRECINCT 4, HARRIS COUNTY, ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court are the Motions to Dismiss of Defendants Precinct 4 of the Harris County Constable's Office and County Judge Lina Hidalgo, as well as Plaintiff's Motion for Summary Judgment.[1]  ECF 4, 11, 20.  Having considered the parties' submissions and the law, the Court recommends that Defendants' motions be granted and Plaintiff's Motion be denied.[2]

## I.      Background

Plaintiff, who is proceeding pro se and in forma pauperis, initiated this case against Defendants Harris County Judge Lina Hidalgo and Harris County Precinct 4 by filing in federal court a Complaint (titled "Original Petition" and bearing a Harris County District Court caption) on November 9, 2022.  ECF 1.  Although her pleading

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 3.

[2] Precinct 4's first Motion to Dismiss, ECF 9, is terminated as moot in light of its Amended Motion to Dismiss, ECF 11.

is not a model of clarity, Plaintiff alleges that she was evicted from her home, which was located in Harris County Precinct 5, by officers with Harris County Precinct 4. *Id.* at 4-7.  She alleges that Precinct 4 did not have jurisdiction to conduct an eviction in Precinct 5, and that the eviction violated her homestead rights.  *Id.*  She lists as her causes of action (1) intentional infliction of emotional distress; (2) violation of Texas state eviction laws; and (3) violation of Texas Property Code 24 forcible entry and detainer.  *Id.* at 8-9.  Plaintiff seeks a temporary restraining order and permanent injunction to prevent Precinct 4 from returning to her property as well as an order allowing her to reenter the property.  *Id.* at 9-12.  She also asks for a jury award of $5.5 million.  *Id.* at 12.

Defendants move to dismiss this case for lack of subject matter jurisdiction because Plaintiff does not assert a federal claim and because this court lacks jurisdiction to review state court rulings.  *See* ECF 4; ECF 11.  Defendants further argue that Plaintiff fails to allege facts that state a plausible claim for relief.  *Id.* Judge Hidalgo also asserts official and qualified immunity.  ECF 4 at 11-13.  Precinct 4 also asserts that it is a non-jural entity not capable of being sued.  ECF 11 at 13-14.

## II.     Motion to Dismiss Standards

### A. Rule 12(b)(1)

Defendants move to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005).  The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014).  If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

### B. Rule 12(b)(6)

Defendants also move to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  Rule 8(a) requires a pleading to contain a "short and plain" statement of the plaintiff's claim showing the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) and Rule 8(a) must be read in

conjunction and together require a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Snap, Inc*., No. CV H-22-590, 2022 WL 16635370, at *3 (S.D. Tex. Nov. 2, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. Iqbal, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. See FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the

4

plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). The exhibits Plaintiff attached to her Complaint are properly before the Court for purposes of the current motion.

### III.    Analysis

#### A. Defendants' Motions to Dismiss Pursuant to Rule 12(b)(1) Should be Granted in Part.

##### 1. This Court has federal court jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims.

Plaintiff bears the burden to establish a basis for federal jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff is a Texas resident and brings suit against a Harris County, Texas official—Judge Hidalgo, and a Harris County municipal entity—Precinct 4. *See* ECF 1. Thus, the face of the Complaint clearly demonstrates that no federal diversity jurisdiction under 28 U.S.C. § 1332 exists.

The only other basis for federal jurisdiction requires Plaintiff to have asserted claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Because Plaintiff is appearing in this case pro se, the Court must construe her pleadings liberally. *Badaiki v. Schlumberger Holdings Corp.*, 512 F. Supp. 3d 741, 744 (S.D. Tex. 2021) (pro se filings must be "liberally construed" and

"held to less stringent standards than formal pleadings drafted by lawyers." (citations omitted)).  Plaintiff's Complaint makes a passing reference to denial of her property rights and constitutional right to due process.  ECF 1 at 7-8.  In her Response to the Defendants' Motions to Dismiss, she alleges violations of 42 U.S.C. § 1983.  ECF 17.  Interpreting her pleadings liberally, the Court construes them to allege a claim against Defendants pursuant to 42 U.S.C. § 1983.  Therefore, Plaintiff has met her burden to plead federal question subject matter jurisdiction.

## 2. The *Rooker-Feldman* doctrine is a jurisdictional bar to Plaintiff's claim for relief from a state court judgment.

Plaintiff seeks relief from an order of final summary judgment in Cause No. 2018-52368 in the 113th Judicial District, Harris County, Texas.  ECF 1-2 at 32-34; ECF 20.  The *Rooker-Feldman* doctrine bars federal court review of a state court decision and precludes a losing state court litigant from seeking review, relief, or a remedy from a prior state court judgment in federal court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining the confines of the *Rooker-Feldman* doctrine and stating that it applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.).  Here, Plaintiff lost in state court and complains of injuries from a state-court judgment that was rendered before she filed this suit.  Therefore,

to the extent her federal court suit seeks relief from a state court judgment or order it is barred by the *Rooker-Feldman* doctrine.

However, Plaintiff's allegations that dispute the authority of Precinct 4 Officers to execute an eviction order outside Precinct 4's territorial jurisdiction and within the territory of Precinct 5 do not require the Court to review an underlying state court judgment and therefore are not barred by the *Rooker-Feldman* doctrine. The Court thus addresses below whether the claims not barred by the *Rooker-Feldman* doctrine should be dismissed pursuant to Rule 12(b)(6).

### B. Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) Should be Granted.

#### 1. Plaintiff's claims against Judge Hidalgo should be dismissed.

Plaintiff's claims against Judge Hidalgo fail to allege any action by Judge Hidalgo even remotely connected to her eviction from her home. *Jackson v. Hickman*, No. CV H-16-1721, 2016 WL 5720822, at *3 (S.D. Tex. Sept. 29, 2016) (explaining that "there must be some showing of personal involvement by a particular individual defendant to prevail against such individual."). Therefore, Plaintiff has not stated a claim against Judge Hidalgo under state or federal law. Perhaps Plaintiff misunderstands the role of the County Judge and intends to assert claims against Judge Hidalgo based on some perceived supervisory role over the County courts or Precinct 4 officers. Nevertheless, any such claim is factually unsupported and barred by Fifth Circuit case law holding that personal involvement

of an individual defendant is an essential element of a civil rights claim. *See Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987) (holding that supervisor may be liable under § 1983 only if she is personally involved in the constitutional deprivation or there is a causal connection between the individual's conduct and the constitutional deprivation).   In other words, no respondeat superior or vicarious liability exists for claims brought under Section 1983.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating "Section 1983 will not support a claim based on a respondeat superior theory of liability."); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) (same).

In addition, official immunity protects Judge Hidalgo from Plaintiff's state law claims and qualified immunity protects her from Plaintiff's Section 1983 claims. Official immunity shields a governmental employee, such as Judge Hidalgo, from suit arising from (1) the performance of discretionary duties, (2) performed in good faith, (3) while acting within the scope of their authority.  *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000). Qualified immunity protects government officials performing discretionary functions from civil actions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "Texas law of official immunity is substantially the same as

federal qualified immunity law." *Wren v. Towe*, 130 F.3d 1154, 1160 (5th Cir. 1997). Plaintiff's Complaint and the attachments thereto clearly demonstrate that Plaintiff cannot plausibly allege any claim against Judge Hidalgo that would not be barred by either official or qualified immunity.

Finally, although it is unclear from Plaintiff's Complaint whether she is suing Judge Hidalgo in her official capacity, any claim against a government employee in her official capacity is effectively a claim against the governmental entity, in this case Harris County. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (citing *Monell v. Dept. of Soc. Serv.'s of City of New York,* 436 U.S. 658, 690 n. 55 (1978)). A governmental entity is liable under Section 1983 only for its own illegal acts. Therefore, Harris County may only be held liable for a violation of Section 1983 where a plaintiff pleads and proves the existence of an official policy or custom that directly resulted in the alleged constitutional violation. Plaintiff has not and cannot state a plausible claim for relief under Section 1983 against Harris County.

For the above reasons, Judge Hidalgo's Motion to Dismiss all of Plaintiff's claims should be granted.

### 2. Plaintiff's claims against Precinct 4 should be dismissed.

Under Texas law, Precinct 4, "a non sui juris division of Harris County," is not a legal entity capable of being sued. *Thomas v. Harris Cnty. Sheriff's Dep't*, No. CV H-18-1800, 2019 WL 1201984, at *2 (S.D. Tex. Mar. 14, 2019) (collecting

cases); *Miller v. City of Houston,* No. 4:11-CV-429, 2013 WL 6222539, at *4 (S.D. Tex. Nov. 29, 2013) (dismissing claims against Harris County Constable's Office, Precinct 7 because "[i]n Texas, county sheriffs and police departments generally are not legal entities capable of being sued . . ..").  To the extent Plaintiff intends her claims against Precinct 4 to be construed as claims against Harris County, they are barred by *Monell* as discussed in III.B.1 above.  For these reasons, Precinct 4's Motion to Dismiss all of Plaintiff's claims should be granted.

### C. Plaintiff's Motion for Summary Judgment Should be Denied.

Where the summary judgment movant bears the burden of proof, as Plaintiff does here, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  Given the Court's conclusion that Plaintiff cannot state a plausible claim for relief against these Defendants, it follows that she has not established all of the essential elements of her claims and is not entitled to summary judgment.

Furthermore, as discussed in Section III.A above, Plaintiff's Motion for Summary Judgment seeks relief from a prior state court judgment and is barred by the *Rooker-Feldman* doctrine.  Therefore, Plaintiff's Motion for Summary Judgment should be denied.

## IV.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Judge Lina Hidalgo's Motion to Dismiss (ECF 4) and Precinct 4's Motion to Dismiss (ECF 11) be GRANTED, and Plaintiff's Motion for Summary Judgment (ECF 20) be DENIED.  The Court further recommends that Plaintiff's claim for relief from the state court judgment in Cause No. 2018-52368 in the 113th Judicial District Court, Harris County, Texas, be DISMISSED WITHOUUT PREJUDICE for lack of jurisdiction, and all other claims be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 24, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge